MILLS, Judge.
This is an appeal from a final summary judgment for the defendants, Weathers Brothers, Inc. and Truck Insurance Exchange, in a negligence action. We affirm.
When Lieutenant Commander Jackson, U.S.N., was transferred from the Jacksonville area to Pensacola in 1981, his and his wife’s household belongings were shipped, at government expense, by Weathers Brothers, Inc. The belongings were destroyed en route when the Weathers Brothers’ truck caught fire.
*841 Pursuant to a homeowner’s policy, Allstate Insurance Company (Allstate) paid the Jacksons $18,900 for the loss. Allstate, as subrogee, then sued Weathers Brothers and its insurer, Truck Insurance Exchange (Truck), alleging negligence.
The defendants moved for summary judgment based on three grounds: (1) the claim is governed solely by 31 U.S.C. §§ 240-242; (2) the goods were shipped pursuant to a government bill of lading providing for a release of household goods at a valuation of 60 cents per pound per article with a total net shipping weight of 11,100 pounds; (3) the government demanded and received $6,660 from Truck.
Also, the defendants filed a motion for leave to amend their answer to include the following affirmative defense:
That the plaintiffs sole remedy is covered by Title 31, paragraphs 240 through 242 of the U.S. Code and no claim exists other than that which was made to the Government and paid by the Government to the plaintiffs. That any obligation of the defendants, Weathers Brothers, Inc. and Truck Insurance Exchange, is to the Government for subrogation and none other.
Without having entered an order allowing the amendment, the trial court granted the motion for summary judgment. Later the trial court entered an order deeming the amendment admitted nunc pro tunc.
Allstate appealed from the order granting summary judgment, and this Court reversed in a brief per curiam opinion. See Allstate Insurance Co. etc., et al. v. Weathers Brothers, Inc., et al., 453 So.2d 117 (1st DCA 1984).
The defendants then filed another motion for summary judgment based on the same grounds asserted in the first motion. The trial court granted final summary judgment finding “no genuine issue as to any material fact bearing on the issue of liability.”
At oral argument counsel for plaintiffs agreed that if the record in this case did not contain a bill of lading between Weathers and Jackson the trial court must be affirmed. The record does not contain such a bill of lading.
There is an unidentified printed sheet attached as Exhibit A to plaintiffs’ memorandum in support of their motions for rehearing of defendants’ motion for summary judgment. Whatever this sheet is it was not introduced into evidence in opposition to defendants’ motion for summary judgment. We affirm for this reason.
In addition, this case should be affirmed on authority of Howe v. Allied Van Lines, Inc., 622 F.2d 1147 (3 Cir.1980) in which, under facts similar to those here, the limitations of liability contained in the government bill of lading were held to be controlling. See also 31 U.S.C., §§ 240-242.
Affirmed.
SMITH and THOMPSON, JJ., concur.